UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH A. BIATIU,

       Plaintiff,

-against-

       **COMPLAINT**

       Case No.: 1:19-cv-822
       Request for Jury Trial

SPECIALIZED LOAN SERVICING LLC;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

       Defendant(s).

_____X

    Plaintiff, Kenneth A. Biatiu, seeks redress for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 by Defendants and their agents in their illegal reporting. Plaintiff, by way of this Complaint, states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1681 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff, Kenneth A. Biatiu, is an adult residing in Bronx, NY.

6. Defendant, Specialized Loan Servicing LLC ("Specialized Loan") is a company that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 8742 Lucent Blvd, Highlands Ranch, CO 80129.

7. Defendants, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union") are consumer reporting agencies as defined by FCRA, 15 USC §1681a(f).

8. Defendants Equifax, Experian, and Trans Union have prepared and issued consumer credit reports concerning plaintiff which have included and continue to include information concerning an inaccurate account.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and N.Y. GBS. LAW § 380-a(b) of NY FCRA.

## FACTUAL ALLEGATIONS

10. The FCRA promotes, among other things, accuracy and fairness of consumer information contained in consumer reporting agencies' files. There are circumstances such as the Plaintiff's under which this accuracy and fairness is not upheld.

11. Plaintiff Kenneth A. Biatiu experienced automated, greatly insufficient investigations into his disputes from the CRA Defendants and as a result has been subject to unwarranted and unnecessary extreme hardship. Plaintiff is a stage 4 cancer patient, and has been deeply and very negatively effected by the constant misreporting of an old account on his credit report.

12. As a result of the inaccurate account appearing on Plaintiff's credit report, he has suffered great economic and non-economic damages as a result of the continued reporting of this inaccurate account.

13. The CRA Defendants in the instant case have a system plagued with errors.

14. Defendant Equifax prepared and issued credit reports concerning Plaintiff which include inaccurate information.

15. Defendant Experian prepared and issued credit reports concerning Plaintiff which include inaccurate information.

16. Defendant Trans Union prepared and issued credit reports concerning Plaintiff which include inaccurate information.

17. In or around December 2012, Plaintiff filed a Chapter 13 Plan in the Bankruptcy Court of the Southern District of New York.

18. Plaintiff listed the 1686 Metropolitan Ave, Unit 4D, Bronx, NY 10462 property ("the subject property") as a Category 4 Claim in the aforementioned Chapter 13 Plan.

19. Plaintiff's Chapter 13 Plan listed the subject property as "Surrendered Property."

20. Plaintiff's Chapter 13 Plan noted that: "Debtor is a co-owner of the property. Debtor surrenders his interest only."

21. Plaintiff's Chapter 13 Plan further noted: "Debtor abandons and/or surrenders any interest he has in and to the 1686 Metropolitan Ave, Unit 4D, Bronx, New York property in full satisfaction of any claims or interests therein. No payment shall be made to Bank of America, N.A. or its successors, agents, or assigns."

22. Plaintiff's Chapter 13 Plan identified Jennifer Boateng as co-owner of the subject property.

3

23. On May 21, 2013, Plaintiff granted and released his interest in the subject property to Jennifer Boateng. And on July 19, 2013, a deed reflecting this transfer in interest was filed in the Office of the City Register of the City of New York.

24. On June 22, 2016, Plaintiff was granted a Chapter 13 Order of Discharge by U.S. Bankruptcy Judge James L. Garrity Jr. of the Bankruptcy Court of the Southern District of New York.

25. In 2017, Plaintiff noticed that the subject property was still being reported by Specialized Loan on his credit report, despite the surrender of Plaintiff's interest via bankruptcy, and negatively affecting his credit. Specifically, the Specialized Loan account was reporting as 120 days late on Plaintiff's credit report issued by the CRA Defendants.

26. Furthermore, on February 28, 2017, Plaintiff applied for a loan from Municipal Credit Union "Municipal." Municipal's annual percentage rate set for Plaintiff's loan was 12.500 %. Municipal informed Plaintiff that it used information from Plaintiff's credit report to set the terms of the credit it offered to Plaintiff. Specifically, Municipal informed Plaintiff that it determined the annual percentage rate for Plaintiff's loan based on his credit report. Municipal also informed Plaintiff that it obtained Plaintiff's credit score from Defendant Experian. Identified, by Municipal, as key factors adversely affecting Plaintiff credit score included: serious delinquency and level of delinquency.

27. Due to the inaccurate reporting, regarding the Specialized Loan account, on his credit report, Plaintiff was forced to obtain a co-signer in order to apply for the loan from Municipal and had to pay higher fees and interest on his mortgage by Chase Bank, N.A.

28. On January 26, 2018, Jennifer Boateng entered into a modification agreement with Specialized Loan for modification of the subject property's mortgage. Notably, Plaintiff did not sign this modification agreement; only Jennifer Boateng signed.

29. Plaintiff sent several dispute letters to the CRA Defendants requesting that the CRA Defendants investigate the accuracy of the information being reported on his credit report. Specifically, Plaintiff disputed the inaccurate information, regarding the Specialized Loan account, reporting on his credit report. Plaintiff also requested that the CRA Defendants delete the Specialized Loan account from his credit report.

30. Plaintiff attached on evidence showing his obligation for the loan had been discharged and that it should no longer be reporting on his credit report. Plaintiff highlighted and circled relevant portions of the record to show the CRA Defendants that his obligation had been extinguished.

31. Each time each of the CRA Defendants verified this inaccurate tradeline appearing on Plaintiff's credit report.

32. Furthermore, Specialized Loan continued to verify the inaccurate account on Plaintiff's credit report.

33. Plaintiff's most recent dispute letter to the CRA Defendants was sent in October 2018. Plaintiff once again disputed the inaccurate information, regarding the Specialized Loan account, reporting on his credit report. Plaintiff once again requested that the CRA Defendants delete the Specialized Loan account from his credit report. Furthermore, Plaintiff attached proof of the surrender of his interest in the subject property, the deed transfer, and documentation regarding his bankruptcy.

34. Equifax responded, to Plaintiff's dispute letter, by sending Plaintiff an updated credit report dated November 12, 2018. Equifax did not delete the Specialized Loan account and continued to report inaccurate information on Plaintiff's credit report after receiving his dispute, violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

35. Experian responded, to Plaintiff's dispute letter, by sending Plaintiff an updated credit report dated November 23, 2018. Experian did not delete the Specialized Loan account and continued to report inaccurate information on Plaintiff's credit report after receiving his dispute, violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

36. Trans Union responded, to Plaintiff's dispute letter, by sending Plaintiff an updated credit report dated November 11, 2018. Trans Union did not delete the Specialized Loan account and continued to report inaccurate information on Plaintiff's credit report after receiving his dispute, violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

37. As for Defendant Specialized Loan, they made, on two separate occasions, impermissible inquiries on Plaintiff's credit report.

38. Furthermore, the trade line's appearance in Plaintiff's credit reports with the CRA Defendants persisted, even after the latter contacted Defendant Specialized Loan to investigate the matter.

39. Arguably, had Defendant Specialized Loan taken corrective action here, Plaintiff would have been spared the financial damages and emotional distress that he experienced even after he sent numerous dispute letters to the CRA Defendants.

6

## RELEVANT PRECEDENT

40. Under 15 U.S.C. §§ 1681n, 1681o, there is a private right of action against credit reporting agencies for any willful or negligent "violation of any duty imposed under the statute" (_Casella v. Equifax Credit Info. Services,_ 56 F.3d 469, 473 (2d Cir.1995)) and a claim can be brought against a furnisher of information under § 1681s-2(b) (_Trikas v. Universal Card Services Corp.,_ 351 F.Supp.2d 37, 45 (E.D.N.Y.2005)).

41. As in Bryant v. TRW, Inc., the CRA Defendants in the instant case were required to do more to assure "maximum possible accuracy of the information" (15 U.S. Code § 1681e). In this decision, the Court quoted one of the House sponsors of the FCRA as follows: "[W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage to buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason" _Bryant v. TRW, Inc._ 689 F. 2d 72 – Court of Appeals, 6th Circuit 1982.

42. In regard to the validity of emotional damages owed by the CRA Defendants to the Plaintiff, one can turn to cases such as the aforementioned Bryant v. TRW, Inc. for guidance. In the latter case, Plaintiff was awarded $8,000.00 and the decision cited _Collins v. Retail Credit Co.,_ 410 F.Supp. 924 (E.D.Mich.1976) and _Millstone v. O'Hanlon Reports, Inc.,_ 383 F.Supp. 269 (E.D.Mo. 1974), _aff'd,_ 528 F.2d 829 (8th Cir.

1976) to support this conclusion. "In each of these cases there was no out-of-pocket expense. Embarrassment and humiliation were both held to be proper elements of damages for jury consideration."

43. This was stated even more unequivocally in *Thompson v. San Antonio Retail Merchants Ass'n*: "Even where no pecuniary or out-of-pocket loss has been shown, the FCRA permits recovery for humiliation and mental distress," *Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509 (5th Cir.1982); *Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829 (8th Cir.1976); *see Evers v. Equifax,* 650 F.2d 793 (5th Cir. 1981), as well as for injury to one's reputation and creditworthiness.

44. In *Guimond v. Trans Union Credit Information Co.*, the decision to overturn a judgment regarding the district court's application of § 1681e(b) was said to be particularly troubling given the court's statement that "the fact that multiple errors existed does not show that defendant refused to correct the mistake [...] but rather indicates the unfortunate extent to which defendant's reporting system was plagued with errors." See *Guimond v. Trans Union Credit Information Co.*, 45 F. 3d 1329 – Court of Appeals, 9th Circuit 1995.

45. In *Raviv v. NCB Management Services Incorporated*, the Plaintiff alleged that the Defendant with whom he had settled was "not in compliance with the terms of the settlement agreement because Defendant had failed to inform the three credit reporting agencies that the debt at issue had been expunged." See *Raviv v. NCB Management Services Incorporated*, 14-CV-2756 (DLI) (RML) (E.D.N.Y.2016). The Court issued a Report and Recommendation and Defendant agreed to, *inter alia*, "request that the reporting of its tradeline (sic) be deleted to the extent Defendant had reported the debt to a credit bureau" and "pay Plaintiff $725.00." *Id.*

46. In assessing this breach of contract, it is important to note that "the Court has the inherent power to summarily enforce a settlement agreement where the terms are clear and unambiguous. *Omega Engineering, Inc. v. Omega, S.A.,* 432 F.3d 437, 444 (2d Cir. 2005)* (internal citations and quotation marks omitted). Furthermore, where the settlement is negotiated before the Court on the record, as it is here, the Court's inherent power is particularly clear. *Id.*" *Raviv v. NCB Management Services Incorporated,* 14-CV-2756 (DLI) (RML) (E.D.N.Y.2016).

47. In *Ausar-El v. Barclay Bank Delaware*, the Court stated that "[T]o bring a claim under § 1681s-2(b), a plaintiff must establish three elements: (1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information." Ausar-El v. Barclay Bank Delaware, 2012 WL 3137151, at *3 (D. Md. July 31, 2012). "Such failure to investigate and modify the disputed, inaccurate information results in civil liability if it occurs by actions of the defendant that are negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n." See *Pride Acquisitions, LLC v. Osagie,* Dist. Court, D. Connecticut 2014. All three of these criteria are plainly met in the instant case.  "The case law simply provides that, after receiving notice of a dispute from a credit reporting agency, an entity such as JPMC must not negligently or willfully fail to investigate the disputed information (and, if there was merit to the dispute, to take corrective action). See, e.g., Seamans v. Temple Univ., 744 F.3d 853, 864-65 (3d Cir. 2014); Alston v. Wells Fargo Bank, N.A., 2013 WL 4507607, at *5 (D. Md. Aug. 22, 2013)." *Id.*

## FIRST CLAIM FOR RELIEF
### Against Equifax - Negligent Noncompliance with FCRA

48. Plaintiff incorporates by reference paragraphs 1 through 45.

49. Equifax negligently failed to comply with the requirements of FCRA including but not limited to:

    a.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b); and

    b.  failure to comply with the requirements of 15 U.S.C. §1681i.

50. As a result of Defendant Equifax's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

51. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF
### Against Equifax - Willful Noncompliance with FCRA

52. Plaintiff incorporates by reference paragraphs 1 through 49.

53. Equifax willfully failed to comply with the requirements of FCRA including but not limited to:

    a.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b); and

    b.  failure to comply with the requirements of 15 U.S.C. §1681i.

54. As a result of Defendant Equifax's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss,

lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

55. Via Plaintiff's numerous dispute letters, Equifax had specific knowledge of the inaccurate information it was reporting on Plaintiff's credit report regarding the Specialized Loan account.

56. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

### THIRD CLAIM FOR RELIEF
### Against Experian - Negligent Noncompliance with FCRA

57. Plaintiff incorporates by reference paragraphs 1 through 54.

58. Experian negligently failed to comply with the requirements of FCRA including but not limited to:

    c.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b); and

    d.  failure to comply with the requirements of 15 U.S.C. §1681i.

59. As a result of Defendant Experian's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

60. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

## FOURTH CLAIM FOR RELIEF
### Against Experian - Willful Noncompliance with FCRA

61. Plaintiff incorporates by reference paragraphs 1 through 58.

62. Experian willfully failed to comply with the requirements of FCRA including but not limited to:

    c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b); and

    d. failure to comply with the requirements of 15 U.S.C. §1681i.

63. As a result of Defendant Experian's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

64. Via Plaintiff's numerous dispute letters, Experian had specific knowledge of the inaccurate information it was reporting on Plaintiff's credit report regarding the Specialized Loan account.

65. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

## FIFTH CLAIM FOR RELIEF
### Against Trans Union - Negligent Noncompliance with FCRA

66. Plaintiff incorporates by reference paragraphs 1 through 63.

67. Trans Union negligently failed to comply with the requirements of FCRA including but not limited to:

    a.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b); and

    b.  failure to comply with the requirements of 15 U.S.C. §1681i.

68. As a result of Defendant Trans Union's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

69. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

**SIXTH CLAIM FOR RELIEF**
**Against Trans Union - Willful Noncompliance with FCRA**

70. Plaintiff incorporates by reference paragraphs 1 through 69.

71. Trans Union willfully failed to comply with the requirements of FCRA including but not limited to:

    a.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 U.S.C. §1681e(b); and

    b.  failure to comply with the requirements of 15 U.S.C. §1681i.

72. As a result of Defendant Trans Union's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

73. Via Plaintiff's numerous dispute letters, Trans Union had specific knowledge of the inaccurate information it was reporting on Plaintiff's credit report regarding the Specialized Loan account.

74. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

## SEVENTH CLAIM FOR RELIEF
### Against Specialized Loan - Negligent Noncompliance with FCRA

75. Plaintiff incorporates by reference paragraphs 1 through 74.

76. Specialized Loan negligently failed to comply with the requirements of FCRA including but not limited to:

    a. furnishing information relating to a consumer to three different consumer reporting agencies knowing or having reasonable cause to believe that the information was inaccurate, as prohibited by 15 U.S.C. §1681s-2(a)(1)(A), with "reasonable cause" defined in 15 U.S.C. §1681s-2(a)(1)(D) as "having specific knowledge […] that would cause a reasonable person to have substantial doubts about the accuracy of the information," knowledge which Defendant Specialized Loan indisputably had;

    b. failing to promptly notify the Defendant consumer reporting agencies of the deletion/removal of the trade line, the acknowledgement of which was necessary to make the information provided by them to the Defendant agencies complete and accurate, as required by 15 U.S.C. §1681s-2(a)(2)(B); and

    c. failure to comply with the requirements of 15 U.S.C. §1681s-2(b).

77. As a result of Defendant Specialized Loan's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry,

and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

78. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

## EIGHTH CLAIM FOR RELIEF
### Against Specialized Loan - Willful Noncompliance with FCRA

79. Plaintiff incorporates by reference paragraphs 1 through 78.

80. Specialized Loan willfully failed to comply with the requirements of FCRA including but not limited to:

  a. furnishing information relating to a consumer to three different consumer reporting agencies knowing or having reasonable cause to believe that the information was inaccurate, as prohibited by 15 U.S.C. §1681s-2(a)(1)(A), with "reasonable cause" defined in 15 U.S.C. §1681s-2(a)(1)(D) as "having specific knowledge [...] that would cause a reasonable person to have substantial doubts about the accuracy of the information," knowledge which Defendant Specialized Loan indisputably had;

  b. failing to promptly notify the Defendant consumer reporting agencies of the deletion/removal of the trade line, the acknowledgement of which was necessary to make the information provided by them to the Defendant agencies complete and accurate, as required by 15 U.S.C. §1681s-2(a)(2)(B); and

  c. failure to comply with the requirements of 15 U.S.C. §1681s-2(b).

81. As a result of Defendant Specialized Loan's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be

15

determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

82. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

## NINTH CLAIM FOR RELIEF
### Against Specialized Loan - Impermissible Pull of Consumer Report
### 15 U.S.C. § 1681b

83. Plaintiff incorporates by reference paragraphs 1 through 82.

84. In order to protect consumers from abusive and frivolous pulls on their credit information, the FCRA outlines several instances within which permissible consumer reports may be made. Accordingly, "any consumer reporting agency may furnish a consumer report under the [enumerated] circumstances and no other." § 1681b(a). The list of permissible purposes for consumer reports are to respond to a court order, to comply with a consumer's written instructions, to review credit as a person who is engaging in a transaction with the consumer or determining his eligibility to receive credit, or to serve a legitimate business need. *Id.*

85. Here, Defendant Specialized Loan made two separate impermissible inquiries into Plaintiff's credit information.

86. These pulls on Plaintiff's credit information qualify as consumer reports under the FCRA. § 1681a(d). Consumer reports are defined as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity," etc. *Id.* This purpose of Plaintiff's credit information is not included as one of the permissible purposes listed in the FCRA. § 1681b.

87. Defendant Specialized Loan did not have the written permission of Plaintiff to perform an inquiry into his credit information. Defendant Specialized Loan also did not have the authority to perform a pull of Plaintiff's credit information because they were not engaging in a transaction with Plaintiff or determining his eligibility to receive credit. Defendant

Specialized Loan also did not have a legitimate business need to conduct an inquiry into Plaintiff's credit.

88. Defendant Specialized Loan did not have a legitimate business need to conduct an inquiry into the credit report of Plaintiff. Defendant Specialized Loan was not legally within their right to collect upon Plaintiff's debt that had already been discharged in bankruptcy.

89. Plaintiff's debt had already been discharged in bankruptcy prior to the two instances that Defendant Specialized Loan inquired into his credit information. Any relationship that may have existed between the parties ceased to exist after the Plaintiff's bankruptcy discharged was received.

90. Even with knowledge that a relationship with Plaintiff no longer existed, and that the loan they sought to collect could no longer be collected upon, Defendant Specialized Loan still inquired into Plaintiff's credit information. Defendant Specialized Loan willfully failed to comply with § 1681b and is liable to Plaintiff as such.

91. Defendant Specialized Loan acted willfully, knowingly, and in conscious disregard for Plaintiff's rights under the FCRA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

On the First Claim for Relief:

1.  Actual damages to be determined by the jury; and

2.  Attorney's fees.

On the Second Claim for Relief:

3.  Actual damages to be determined by the jury;

4.  Punitive damages to be determined by the jury; and

5. Attorney's fees.

On the Third Claim for Relief:

6. Actual damages to be determined by the jury; and

7. Attorney's fees.

On the Fourth Claim for Relief:

8. Actual damages to be determined by the jury;

9. Punitive damages to be determined by the jury; and

10. Attorney's fees.

On the Fifth Claim for Relief:

11. Actual damages to be determined by the jury; and

12. Attorney's fees.

On the Sixth Claim for Relief:

13. Actual damages to be determined by the jury;

14. Punitive damages to be determined by the jury; and

15. Attorney's fees.

On the Seventh Claim for Relief:

16. Actual damages to be determined by the jury; and

17. Attorney's fees.

On the Eighth Claim for Relief:

18. Actual damages to be determined by the jury; and

19. An injunction requiring Defendant Specialized Loan to furnish a complete and accurate report to Defendant Equifax, Defendant Experian, and Defendant Trans Union.

On the Ninth Claim for Relief:

20. Actual damages to be determined by the jury;

21. Award Plaintiff statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n; and

22. Attorney's fees.

On all Claims for Relief:

23. Costs and expenses incurred in the instant action.

Dated: Brooklyn, New York

      January 28, 2019

Respectfully submitted,

Súbhan Tariq, Esq.
Attorney I.D.# ST9597
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
68 Jay Street - Suite 201
Brooklyn, NY 11201
Telephone: (718) 674-1245
Email: subhan@tariqlaw.com

To:    Specialized Loan Servicing LLC
       8742 Lucent Blvd
       Highlands Ranch, CO 80129
       (*via Prescribed Service*)

       Equifax Information Services, LLC
       1550 Peachtree Street NW
       Atlanta, GA 30309

       Experian Information Solutions, Inc.
       475 Anton Blvd.
       Costa Mesa, CA 92626

       Trans Union, LLC

1510 Chester Pike
Crum Lynne, PA 19022

Clerk of the Court,
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

(*For Filing Purposes*)