

68 Jay Street - Suite 201
Brooklyn Heights, NY 11201

**OFFICE:** (718) 674 - 1245
**FAX:** (516) 453 - 0490

April 5, 2019

<u>VIA ECF</u>

Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New Yok, NY 10007

      **Re:**      **Kenneth A. Biatiu v. Specialized Loan Servicing LLC, et al.**
      **Case no:**  **1:19cv-0822-RA**
                 **Joint Rule 26(f) Letter and Proposed Case Management Plan**

Your Honor,

    Our firm represents Plaintiff, Kenneth A. Biatiu ("Plaintiff"). We write on behalf of Plaintiff and Defendants Equifax, Experian and TransUnion, pursuant to the Court's Notice of Initial Pretrial Conference, dated February 4, 2019. Defendant Specialized Loan Servicing LLC's counsel was included in the email thread that led to the joint drafting of this case management plan; however, we did not receive or hear back from Defendant Specialized Loan Servicing LLC's counsel.

**(1) Brief Nature of the Action and Principal Defenses**

    Plaintiff's Statement:

    This lawsuit alleges violations of the Fair Credit Reporting Act, 15 U.S.C. Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

    Plaintiff filed for bankruptcy in 2012 – *In re Kenneth A. Biatiu* 12-14813-ALG (SDNY). As part of his chapter 13 bankruptcy filing, Plaintiff surrendered his interest to a property located at 1686 Metropolitan Avenue, Unit 4D, Bronx NY 10462. Subsequently, Plaintiff was granted a discharge of his debt obligation on June 22, 2016 [Docket Entry 57]. In 2017, after his obligation under the loan had been already discharged, Defendant Specialized Loan Servicing LLC (Hereinafter "Defendant SLS") began reporting a negative tradeline on Plaintiff's credit report.

    Plaintiff became very concerned because of his desire to refinance the loan on his own home. This negative tradeline would result in his credit denial. Plaintiff began disputing the accuracy of the reporting tradeline with the Defendants Equifax, Experian, and Transunion

(Hereinafter collectively "Defendants CRAs"). Plaintiff attempted to dispute the accuracy of the tradeline and sent Defendants CRAs evidence of the discharge of the obligation of the tradeline Defendant SLS was reporting on his credit report.

Despite multiple attempts, Defendants collectively continued to verify inaccurate reporting on Plaintiff's credit report. As a result of Defendants SLS and Defendants CRAs negligent and willful conduct, Plaintiff has been greatly harmed, has been denied a refinance of his home, and has suffered great emotional, physical, and mental distress.

As part of the dispute process, Defendant CRAs sent to Defendant SLS the evidence Plaintiff attached as part of the dispute.

Dealing with Defendants collectively has been an incredible burden for Plaintiff for years. The anguish, stress and anxiety of not being able to qualify for a refinance of his family home was further compounded in late 2018 when Plaintiff was diagnosed with stage 4 cancer. Now completely disabled, Plaintiff is reliant upon Social Security Disability benefits and cannot qualify for a refinance.

Defendant Equifax's Statement:

Defendant Equifax Information Services LLC is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reinvestigation of Plaintiff's dispute in compliance with the FCRA. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax further denies that Plaintiff can support a claim for punitive damages in this action.

Defendant Experian's Statement:

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as that term is defined by the Fair Credit Reporting Act ("FCRA"). Experian compiles credit reports on individual customers based on information provided by third parties. In doing so, Experian is subject to the legal requirements set forth in the FCRA, including the obligation to follow reasonable procedures to ensure the accuracy of the consumer reports it provides and to conduct any required reinvestigation(s) of consumers' disputes in compliance with the FCRA. The FCRA is not a strict liability statute, and the mere fact of an inaccuracy in a consumer's credit file does not create liability; rather, under the FCRA, a consumer may only question the reasonableness of a consumer reporting agency's reporting procedures. Experian maintains reasonable procedures to assure the maximum possible accuracy of consumer's credit information.

At all times relevant to this case, Experian maintained and followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted reasonable reinvestigations of the disputed Bank of America/SLS account. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not

act negligently. Experian further denied it was the proximate cause of any damages alleged by Plaintiff.

The current deadline for Experian to answer, move, or otherwise respond to Plaintiff's complaint is April 12, 2019. At that time, Experian intends to assert several affirmative defenses, including that any alleged damages sustained by Plaintiff were, at least in part, the results of the acts or omissions of Plaintiff and/or third parties over whom Experian had neither control nor responsibility. Experian reserves the right to assert additional defenses as warranted by discovery and the factual developments in this case.

Defendant Trans Union:

Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency, as that term is defined by the Fair Credit Reporting Act ("FCRA"), and states that at all relevant times, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

**(2) Jurisdiction and Venue**

Plaintiff resides in the Southern District of New York, and all the acts and circumstances that give rise to this action occur in the Southern District of New York.

**(3) Contemplated Motions**

Plaintiff anticipates filing a motion for summary judgment on the issue of liability.

Defendant Equifax anticipates filing a motion for summary judgment on the issues of damages and liability.

Defendant Experian contemplates it may move for summary judgment on issues of liability and damages following the close of discovery.

Defendant Trans Union anticipates filing a motion for summary judgment on the issues of damages and liability.

**(4) Discovery**

No formal or informal discovery has taken place. The parties anticipate written discovery and depositions. The parties have agreed to produce documents stored electronically in Portable Document Format ("PDF"), and have further agreed that documents stored electronically in offline, archived locations shall be considered inaccessible for purposes of Rule 26(b)(2)(B). The parties have agreed that, if Plaintiff identifies physical and/or emotional distress damages in his Rule 26(a)(1) disclosures he shall serve upon Defendants concurrently therewith a HIPPA compliant medical release and a list of all medical providers for the past five years.

**(5) Settlement Prospects**

Plaintiff's Statement: No formal or informal settlement discussions have taken place between any of the parties. Plaintiff suffered tremendous physical, mental, and emotional distress as a result of Defendants willful violations of the Fair Credit Reporting Act.

Defendant's Statement: Equifax has solicited a demand from Plaintiff but has not yet received one. Equifax is not claiming damages but reserves the right to do so.

Defendant Experian is also open to resolving this case by settlement, and recommends a settlement conference after exchange of initial document discovery and prior to the commencement of depositions.

Defendant Trans Union have been working with Plaintiff's counsel, Mr. Tariq, and have a good relationship with his firm. As such, we hope to be able to informally resolve this matter in the near future, without any involvement from the Court. If not, we hope the Court might assist with a settlement conference, which usually resolves these cases.

**(6) Estimated Length of Trial**

The trial is estimated to take 2-3 days.

**(7) Any Other Relevant Information**

As stated earlier, Plaintiff is a cancer patient and is currently is in the late stages of cancer.

Despite being included on the thread that led to the joint drafting of this letter, Defendant SLS did not turn in their additions to the joint case management plan drafted by Plaintiff's counsel and counsel for Defendant CRAs. Plaintiff's counsel called Defendant's counsel and left a voice and waited until after COB on Friday, April 5, 2019, the date this joint proposed case management plan was due in order to file this joint document.

Respectfully Submitted,

*/s/Subhan Tariq*
Subhan Tariq, Esq.
*Counsel for Plaintiff*