USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/24/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH A. BIATIU,
                    Plaintiff,

v.

SPECIALIZED LOAN SERVICING LLC;
EQUIFAX INFORMATION SERVIES, LLC;
and TRANS UNION, LLC,
                    Defendants.

19-CV-822 (RA)

MEMORANDUM OPINION
AND ORDER

RONNIE ABRAMS, United States District Judge:

On January 28, 2019, Plaintiff Kenneth A. Biatiu filed this claim for relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, alleging that "he has suffered great economic . . . damages" as a result of inaccurate consumer credit reports prepared by Defendants Specialized Loan Servicing LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC. Compl. ¶ 12.[1]

On May 29, Biatiu died intestate, survived by his wife, Elizabeth H. Diyaka, and their daughter. The Court was notified of his death on June 6. On September 3, Diyaka filed a motion for substitution of plaintiff pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. Defendant Equifax opposed the motion, and Diyaka filed a reply, in which the claim for punitive damages under the FCRA was withdrawn.

## DISCUSSION

To satisfy Rule 25(a)(1), "(1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party." *Lai Yoong Low v. Tian Yu Inc.*, No. 12-CV-7237, 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9,

---

[1] On July 8, 2019, Defendant Experian was voluntarily dismissed. Dkt. 36.

2015). If these requirements are met, it is within the Court's discretion to grant the motion. *See Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012); Fed. R. Civ. P. 25(a)(1) ("[T]he court *may* order substitution of the proper party." (emphasis added)).

## A. Timeliness

Diyaka's motion was timely. Within 90 days of notifying a court of plaintiff's death, a motion for substitution must be filed. Fed. R. Civ. P. 25(a)(1). On June 6, Diyaka notified the Court of Biatiu's death, and subsequently filed her motion for substitution on September 3 – thus within the requisite 90-day period. Dkt. 31, 39.

## B. Survival of the FCRA Claims

Plaintiff's claims are not extinguished by his death. "[T]he nature of the cause of action for which the suit is brought" determines if a claim survives a plaintiff's death. *U.S. ex rel. Colucci v. Beth Israel Med. Ctr.*, 603 F. Supp. 2d 677, 680 (S.D.N.Y. 2009). "Unless a statute directly addresses the issue, courts are generally guided by principles of federal common law, which prescribe that claims characterized as 'penal' abate upon a party's death, while claims characterized as 'remedial' survive." *Id.* "Because the FCRA is silent as to the survival of the civil claims it creates," *Irvin-Jones v. Equifax Info. Servs. LLC*, No. H-18-3224, 2019 WL 4394684, at *2 (S.D. Tex. Sept. 13, 2019), the survivability of Plaintiff's claims here is dependent on whether the FCRA is remedial or punitive in nature. Remedial statutes do not seek to punish but to compensate or, in other words, "restore [Plaintiff] to the position he . . . would have been in absent any wrongdoing." *S.E.C. v. Wyly*, 860 F. Supp. 2d 275, 283 (S.D.N.Y. 2012).

Courts in this district have not had the occasion to decide whether the FCRA is remedial in the context of a Rule 25(a) motion. However, in other contexts, courts have broadly described the "FCRA [a]s undeniably a remedial statute[.]" *Wilson v. Corelogic SafeRent, LLC*, No. 14-CV-

2

2477 (JPO), 2017 WL 4357568, at *4 (S.D.N.Y. Sept. 29, 2017) (citation omitted); *see also United States v. Bormes*, 568 U.S. 6, 15 (2012) ("FCRA creates a detailed remedial scheme."). This is because the FCRA's purpose is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To effect this purpose, the FCRA "creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute," and permits Plaintiff to recover actual damages for "loss of credit, loss of the ability to purchase and benefit from credit, and lowering of credit lines, and having to pay higher auto insurance premiums." *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 395, 400 (S.D.N.Y. 2014). In compensating a plaintiff for actual harm suffered, the FCRA is similar to other statutes deemed remedial in the Rule 25(a) context. *See, e.g., Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 88-96 (W.D.N.Y. 2018) (holding that the Telephone Consumer Protection Act is remedial); *Locurto v. AT&T Mobility Servs. LLC*, No.13-CV-4303 (AT), 2017 WL 4736715, at *1 (S.D.N.Y. Sept. 25, 2017) (same regarding the Fair Labor Standards Act); *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996) (same regarding the Age Discrimination in Employment Act ("ADEA"), Americans with Disabilities Act ("ADA"), and Title VII).

Although the FCRA has a "dual purpose[]" given the additional availability of punitive damages, that does not change the survivability analysis for claims seeking actual damages. *Beth Israel Med. Ctr.*, 603 F. Supp. 2d at 680 (holding that plaintiff's claim under the False Claims Act survives her death even though the statute also permits punitive damages as a remedy); *see also Estwick*, 950 F. Supp. at 498 (dismissing claims for punitive damages under Title VII, ADEA, and ADA, but permitting the compensatory damages claims to continue); *Irvin-Jones*, 2019 WL 4394684, at *3 (holding that claims for punitive damages under the FCRA do not survive

plaintiff's death but the claims for compensatory damages do); *Beaudry v. TeleCheck Servs., Inc.*, No. 3:07-0842, 2016 WL 11398115, at *12 (M.D. Tenn. Sept. 29, 2016) ("Notwithstanding this dual purpose, the Court finds that the statutory damages provisions of the FCRA are compensatory in nature and thus survive [Plaintiff's] death."). Although Plaintiff originally sought punitive damages, counsel has withdrawn that claim. *See* Dkt. 43. Therefore, Plaintiff's remaining claims under the FCRA – for actual damages – survive.

## C. Proper Substitute Party

Nonetheless, Diyaka is not a proper party for substitution – at least not yet. Rule 25(a) requires that the proposed substitute party be either the decedent's successor or representative. These terms are defined by the law of the forum state, here New York. *Natale*, 287 F.R.D. at 137 (citation omitted). In New York, a decedent's successor is "a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made," and a representative is a "person lawfully designated by state authority to represent the deceased's estate." *Roe v. City of New York*, No. 00-CV-9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003).

Diyaka does not allege that she is Plaintiff's representative, but insists that she is the "primary distributee" of his estate because Plaintiff died intestate and she is his spouse. *See* Pl.'s Mot. at 3. Although Diyaka has submitted sufficient proof to establish that she is indeed the distributee Biatiu's estate under New York law, *see* N.Y. Est. Powers & Trusts § 4–1.1, a distributee is only a "proper party" under Rule 25(a) "if the estate of the deceased has been distributed at the time the motion for substitution has been made." *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986). Diyaka has "not submitted to the Court any proof that [Biatiu's]

estate has been distributed." *Natale*, 287 F.R.D. at 139. Therefore, without this evidence, the Court cannot find that Diyaka is a proper party for substitution.

## CONCLUSION

For the foregoing reasons, Diyaka's motion for substitution pursuant to Rule 25(a)(1) is denied without prejudice. No later than January 6, 2020, Diyaka shall renew this motion, together with evidence to demonstrate that she is a proper party under Rule 25(a), or file a status letter with the Court regarding the status of the distribution of Biatiu's estate.

SO ORDERED.

Dated: October 24, 2019
       New York, New York

Ronnie Abrams
United States District Judge